IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
ENTERED

MAR 0 8 2004

Michael N. Milby, Clerk of Court

| | |
|---|---|
| KEVIN CRAWFORD, CHRISTOPHER CRAWFORD, and CONCETTA PARIGI, § § § Plaintiffs, § § v. § § ALLSTATE LIFE INSURANCE § COMPANY, § § Defendant. § | CIVIL ACTION NO. H-03-5130 |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion to Dismiss Allstate Life Insurance Company's Complaint in Interpleader [Doc. # 9]. Defendant Allstate Life Insurance Company ("Allstate") has filed a Response [Doc. # 12]. Having considered the parties' submissions, all matters of record, and applicable legal authorities, the Court concludes that Plaintiffs' Motion should be **denied**.

## I. BACKGROUND FACTS

Plaintiffs claim they are entitled to recover proceeds under a life insurance policy issued by Defendant Allstate Life Insurance Company ("Allstate") on the life of Hilton J. Crawford ("Insured"). Plaintiff Concetta Parigi is the former wife of Insured. Plaintiffs Kevin Crawford and Christopher Crawford are the children of Parigi and Insured. Plaintiffs are the designated beneficiaries under the policy at issue.

The Insured was convicted of murdering Samuel M. Everett, known as McKay, a minor, and was executed by the state of Texas. Upon the death of Insured, Plaintiffs made a claim to Allstate for payment of the insurance proceeds. Allstate alleges that on the day following the death of Insured, an attorney representing McKay's parents, Samuel Everett and Paulette Norman, advised Allstate that they were seeking recovery of the insurance proceeds, and informed Allstate of their position that Parigi, as the ex-wife of Insured, may not qualify as a beneficiary under Texas law. Allstate further alleges that upon inquiry, Samuel Everett and Paulette Norman confirmed they were asserting claims to the proceeds. Allstate refused to pay the claim.

Plaintiffs filed suit on October 10, 2003 in state court against Allstate alleging causes of action for breach of contract, bad faith, violations of the Texas Insurance Code, and violations of the Deceptive Trade Practices Act ("DTPA"). Allstate timely removed Plaintiffs' case to this Court based on diversity jurisdiction, and filed a Third Party Complaint for Interpleader naming Samuel Everett and Paulette Norman,[1] as Defendants. The Court granted Allstate's Motion for Leave to Deposit Interpleaded funds into the Registry of the Court on December 8, 2003 [Doc. # 7].[2] Samuel Everett filed an Answer to the Complaint in Interpleader, admitting Allstate's allegation that he and Paulette Norman hold a $1,000,000.00 civil judgment against Insured and a civil judgment in an undisclosed amount against Plaintiff Parigi. Third Party Defendant's Original Answer to Defendant's

---

[1] Paulette Norman is named in the Third Party Complaint as "Melinda P. Everett-Norman."

[2] Plaintiffs did not respond timely to Allstate's Motion for Leave to Deposit Funds into the Registry of the Court.

Interpleader Action [Doc. # 15], ¶ 4. Samuel Everett and Paulette Norman both have asserted rights to the insurance proceeds at issue. *Id.* ¶ 5; Norman's Answer,[3] at 1.

## II.   LEGAL STANDARDS

### A.   Motion to Dismiss[4]

A district court may not dismiss a complaint under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 725 (5th Cir. 2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Thus, the Court must determine whether the complaint states any valid claim for relief in the light most favorable to the plaintiff and with every doubt resolved in the plaintiff's behalf. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Manguno*, 276 F.3d at 725. However, the plaintiff must plead specific facts, not mere conclusory allegations or unwarranted deductions of fact, in order to avoid dismissal for failure to state a claim. *Collins*, 224 F.3d at 498; *United States v. Humana Health Plan of Texas*, 336 F.3d 375, 379 (5th Cir. 2003); *Jones v. Alcoa*, 339 F.3d 359, 362 (5th Cir. 2003).

---

[3]   Paulette Norman has appeared in this action *pro se* by filing a February 5, 2004 letter, which the Court construes as her Answer to the Complaint in Interpleader ("Norman's Answer") [Doc. # 16].

[4]   Plaintiffs do not cite any federal rules or law pursuant to which they seek dismissal. The Court construes Plaintiffs' arguments that this is not a proper interpleader action as a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim. Plaintiffs are admonished that they must cite federal authorities on procedural issues. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *Hall v. G.E. Plastic Pacific PTE Ltd.*, 327 F.3d 391, 395 (5th Cir. 2003).

B.  **Interpleader**

Allstate filed its Complaint in Interpleader pursuant to Rule 22 of the Federal Rules of Civil Procedure.[5] An interpleader action allows a stakeholder in possession of money or property belonging to another to join in a single suit two or more parties asserting mutually exclusive claims to the property, thereby freeing the stakeholder from multiple liability. *Corrigan Dispatch Co. v. Casa Guzman, S.A.*, 696 F.2d 359, 363-64 (5th Cir. 1983). Interpleader is appropriate if the stakeholder has a reasonable doubt as to the rightful owner of the fund. *Great Am. Reserve Ins. Co. v. Sanders*, 525 S.W.2d 956, 958 (Tex. 1975). The relative merits of the potential adverse claims are not dispositive of the stakeholder's right to interplead the funds. *Corrigan Dispatch Co.*, 696 F.2d at 363. The purpose of interpleader is to protect the stakeholder from the threat of multiple litigation over a single fund. *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 534 (1967); *Wausau Ins. Co. v. Gifford*, 954 F.2d 1098, 1100-01 (5th Cir. 1992). The party seeking interpleader bears the

---

[5]  Rule 22 provides:

> (1) Persons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability. It is not ground for objection to the joinder that the claims of the several claimants or the titles on which their claims depend do not have a common origin or are not identical but are adverse to and independent of one another, or that the plaintiff avers that the plaintiff is not liable in whole or in part to any or all of the claimants. A defendant exposed to similar liability may obtain such interpleader by way of cross-claim or counterclaim.

> Rule 22 is in addition to and in no way supersedes of limits the remedy of 28 U.S.C. § 1335 Because statutory interpleader under § 1335 requires two adverse claimants of diverse citizenship, it is not applicable in this case in which all claimants are citizens of Texas.

burden to prove that the prerequisites for such an action exist.[6] *Dunbar v. United States*, 502 F.2d 506, 511 (5th Cir. 1974).

### III. ANALYSIS

Plaintiffs contend that Allstate's Interpleader action must be dismissed because Allstate is independently liable to Plaintiffs, there is no adverse interest between Plaintiffs and McKay's parents, and interpleader would reward Allstate's inequitable and improper conduct.

Here, there is no dispute that ownership of only one fund, that consisting of the life insurance proceeds, is at issue. Plaintiffs' contention that there is no adverse interest between claimants is contrary to the facts alleged by Allstate, and in the Answers filed by Samuel Everett and Paulette Norman. Allstate has met its burden to show that Plaintiffs and McKay's parents make mutually exclusive, competing claims to the insurance proceeds. Plaintiffs' arguments go to the merits of the competing claims and are not ripe for decision on a motion to dismiss Allstate's Complaint in Interpleader.

Plaintiffs argue, citing *Farmers State Bank of Meridian v. National Fire Ins. Co.*, 169 S.W.2d 545, 549 (Tex. Civ. App.–Waco 1943, no writ), that Allstate is independently liable to it, and thus interpleader is inappropriate. Plaintiffs claims are materially different from those at issue in *Farmers State Bank* and that case does not determine the outcome here. In

---

[6] Subject matter jurisdiction in a Rule 22 interpleader action is governed by the general jurisdictional grants of 28 U.S.C. §§ 1331, 1332. Thus, there must be complete diversity between the stakeholder, Allstate, and the claimants in this case. The absence of diversity of citizenship among the claimants is irrelevant. *Aetna Life & Cas. Co. v. Spain*, 556 F.2d 747, 749 (5th Cir. 1977); 7 WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE CIVIL § 1710 (3d ed. 2001).

*Farmers State Bank*, the holder of the fund waited until a judgment had rendered in favor of one of the claimants of the fund before filing an interpleader action. Because a judgment had been rendered against the holder of the fund, the insurer, in favor of one of the claimants, the court found that the insurer was independently liable to the claimant holding the judgment. *Id.* at 549. Here, Plaintiffs' claims are unadjudicated and are not a source of liability independent from Allstate's liability under the policy. All of Plaintiffs' claims are based on Allstate's allegedly wrongful refusal to pay over the insurance proceeds. This is precisely the type of situation the interpleader device was designed to address. *See Tashire*, 386 U.S. at 533 n.15.

## IV.   CONCLUSION AND ORDER

Allstate has met its burden to show that it is entitled to file an interpleader action in this case. It is therefore

**ORDERED** that Plaintiffs' Motion to Dismiss Defendant Allstate Life Insurance Company's Complaint for Interpleader [Doc. # 9] is **DENIED**.

SIGNED at Houston, Texas this 5th day of March, 2004.

*[signature]*

NANCY F. ATLAS
UNITED STATES DISTRICT JUDGE