IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KEVIN CRAWFORD, CHRISTOPHER CRAWFORD, and CONCETTA PARIGI, § § § Plaintiffs, § § v. § § ALLSTATE LIFE INSURANCE COMPANY, § § § Defendant. § | CIVIL ACTION NO. H-03-5130 |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs'/Counter-Defendants' Kevin Crawford, Christopher Crawford and Concetta Parigi's (collectively, "Plaintiffs") motion to dismiss Third-Party Defendant/Counter-Plaintiff Samuel Everett's ("Everett's") claim for relief [Doc. # 25].[1] Plaintiffs contend that Everett appears to sue for fraud but has failed to plead with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure. No response has been filed and the time to do so has expired. Having considered the motion, the pleadings of record, and applicable legal authorities, the Court concludes that Plaintiffs' motion to dismiss should be **denied without prejudice,** but Everett **must file an amended pleading,** as described below.

---

[1] Plaintiffs' motion to dismiss is contained in the same document as their Original Answer to Everette's claim for relief and is not briefed separately.

Rule 9 of the Federal Rules of Civil Procedure requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." *See Leatherman v. Tarrant Cty. Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168-69 (1993); *see also Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000). In particular, the pleadings should reveal the particular statements which the plaintiffs believe to be misrepresentations, when, where, and by whom the alleged misrepresentations were made, how the plaintiffs acted in reliance on those statements, as well as what damages plaintiffs claim they suffered based on such wrongdoing and reliance. *See, e.g., Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 177 (5th Cir. 1997) (citing *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1068 (5th Cir.), *reh'g denied*, 20 F.3d 1171 (5th Cir. 1994)). Rule 9(b) requires a plaintiff to allege the existence of facts sufficient to warrant the pleaded conclusion that fraud has occurred. *See Haber Oil Co. v. Swinehard (In Re Haber Oil Co.)*, 12 F.3d 426, 439 (5th Cir. 1994); *see also Moss v. Healthcare Compare Co. (In Re: Healthcare Compare Corp. Sec. Litigation)*, 75 F.3d 276, 281 (7th Cir. 1996). The application of the Rule 9(b) standard is flexible and depends upon the particular circumstances of the litigation at bar. *Shushany v. Allwaste, Inc.*, 992 F.2d 517, 521 (5th Cir.1993). Thus, the touchstone of the Court's Rule 9(b) analysis is whether, given the nature and facts of the case and the circumstances of the parties, the pleading in question is sufficiently particular to satisfy the purposes of Rule 9(b).

Everett appears to plead a fraud claim against Plaintiffs/Counter-Defendants. *See* "Third Party Defendant/Counter-Plaintiff, Samuel Everett's Affirmative Claim for Relief"

[Doc. # 24]. However, his pleading lacks the necessary specificity about the acts that each Plaintiff allegedly committed that give rise to the fraud claim. Although Everett states some facts that give notice generally to Plaintiffs about a fraud theory, Everett does not address all the elements of a fraud claim as to each Plaintiff/Counter-Defendant. Everett must file an amended claim to cure this deficiency.[2]

Everett's pleading [Doc. # 24] also fails to communicate whether Everett intends to allege a claim other than fraud against any Plaintiff/Counter-Defendant.[3] To the extent he intends to assert fraud and/or other claims, he must so state in separately labeled "causes of action" set forth in numbered paragraphs. For *each* claim, Everett must allege specific facts addressing *each* element required to be proven. Everett also must allege separately as to *each* Plaintiff/Counter-Defendant and on *each* claim what acts that person committed that give rise to the particular claim Everett asserts against that person.

Plaintiffs have not met their burden to show that Everett cannot state a claim for fraud. Dismissal of the putative fraud counter-claim is not warranted at this time. It is therefore

**ORDERED** that Plaintiffs' Motion to Dismiss Third Party Defendant/Counter-Plaintiff Samuel Everett's claims for relief is **DENIED without prejudice**. It is, however, further

---

[2] Further, Everett shall provide more detail in response to contention interrogatories that Plaintiffs may file at an appropriate time after some discovery has been completed.

[3] For instance, Everett titles his pleading "Affirmative Claim for Relief."

**ORDERED** that Everett must file on or before **July 12, 2004**, an amended pleading containing as to each counter-claim specific factual allegations concerning each Plaintiff/Counter-Defendant separately, shall separately label and plead each such counter-claim, and shall plead facts to support each element of each counter-claim.

**Everett is admonished that failure to comply with this Order, and to do so timely, is grounds for dismissal of the counter-claim(s) with prejudice.**

SIGNED at Houston, Texas this 23rd day of June, 2004.

NANCY F. ATLAS
UNITED STATES DISTRICT JUDGE